IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MILTON SCOTT,

    Petitioner

VS.

BRUCE CHATMAN,

    Respondent

NO. 5:07-CV-273(CAR)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Petitioner MILTON SCOTT has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent BRUCE CHATMAN has filed a Motion to Dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #11. On September 26, 2007, the undersigned directed petitioner to file a response to respondent's motion to dismiss. Tab #14. Thereafter, on October 2, 2007, petitioner SCOTT filed a response to the respondent's motion. Tab #15.

PROCEDURAL HISTORY

On February 5, 2003, following a jury trial in the Superior Court of Bibb County, petitioner Milton Scott was found guilty of aggravated assault, simple battery, and false imprisonment. He filed a direct appeal of his convictions, and the Georgia Court of Appeals affirmed the conviction and sentence on August 4, 2004. *Scott v. State*, 268 Ga. App. 889, 602 S.E.2d 893 (2004). On March 18, 2005, petitioner filed a state habeas corpus petition in the Superior Court of Gwinnett County, challenging his Bibb County convictions. The state habeas corpus court denied relief on March 22, 2006.

The Georgia Supreme Court subsequently denied Petitioner's application for a certificate of probable cause to appeal on October 16, 2006 and his motion for reconsideration on December 15, 2006. On July 9, 2007, petitioner executed his federal habeas corpus petition, also challenging his Bibb County convictions.

## LEGAL STANDARD

Under the provisions of the AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

Upon review of the positions of the petitioner and respondent herein, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case persuasive. The undersigned agrees that the petitioner's period of limitations began to run August 14, 2004. On March 18, 2005, two-hundred-sixteen (216) days later, petitioner filed his state habeas action thus tolling the period of limitations. On December 15, 2006, the date that the Georgia Supreme Court denied the petitioner's motion seeking reconsideration of their previous denial of petitioner's request for a certificate of probable cause to appeal, the running of the period of limitations resumed.

Petitioner Scott then waited until July 9, 2007, two-hundred-six (206) days *later*, to execute a federal petition seeking habeas corpus relief.[1] This two-hundred-six (206) day time period, combined with the aforementioned two-hundred-sixteen (216) day period, yields a total of four-hundred-twenty-two (422) days. This time period clearly exceeds one (1) year. As such, it is clear that the instant federal petition is untimely.

In his response to the respondent's motion seeking dismissal, petitioner does not dispute the above-stated calculations. Instead, he argues that the application of AEDPA's exhaustion and period of limitation requirements to state prisoners filing federal habeas corpus petitions makes it impossible for a state prisoner to exercise his right to "redress his grievance to the Federal Government." The undersigned finds this argument to be misplaced and unpersuasive.

Accordingly, **IT IS RECOMMENDED** that respondent's Motion to Dismiss (Tab #11) be **GRANTED** and that the instant petition for habeas corpus be dismissed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of JULY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Note that petitioner Scott signed the petition on July 9, 2007 but it was not filed with the court until July 16, 2007.

3